UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP TEXAS, LLC; BPP WISCONSIN, LLC; FFC PARTNERSHIP, L.P.; FINE CAPITAL ASSOCIATES, L.P.; and BUDGET PORTFOLIO PROPERTIES, LLC,<br><br>       Plaintiffs,<br><br> -against-<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS CITIZENS, N.A.; and CITIZENS BANK OF PENNSYLVANIA,<br><br>       Defendants. | Civil Action No. 1:13-cv-638-JMF |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

As directed by the Court at oral argument on September 10, 2013, Defendants respectfully submit this supplemental memorandum of law addressing the parties' respective burdens as to (1) whether Plaintiffs are entitled to take advantage of New York's longer six-year limitations period and (2) which other state's limitations period should apply, if not New York's.

## ARGUMENT

**I.   Whether New York's Six-Year Statute Of Limitations Applies**

Plaintiffs contend that New York's six-year statute of limitations governs their claims, rather than any other state's shorter limitations period. *See* Opp'n 12 (arguing for "New York's six-year statute"); Tr. 21: 8 (stating that "New York law applies").  The issue is subject to New York's borrowing statute, N.Y. C.P.L.R. § 202, which states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

The purposes of CPLR 202 are to prevent forum shopping and "to add clarity to the law and to provide the certainty of uniform application to litigants." *Insurance Co. of N. Am. v. ABB Power Generation*, 690 N.E.2d 1249, 1252 (N.Y. 1997).  To this end, CPLR 202 "requires that a court, when presented with a cause of action accruing outside New York, should apply the limitation period of the foreign jurisdiction if it bars the claim.  Only where the cause of action accrues in favor of a New York resident is this rule rendered inapplicable." *Id.* at 1252-53.

As Defendants explained at oral argument, *see* Tr. 7:1-3, CPLR 202 burdens a plaintiff to establish New York residency in order to take advantage of a longer New York limitations period.  The Second Circuit has explained: "Where the statute of limitations is an affirmative defense, the party asserting the defense must prove the elements of that defense.  With respect to the borrowing statute, however, New York law appears to place the burden of proving residency

upon the party seeking to take advantage of the New York statute." *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 (2d Cir. 1984) (internal quotation marks omitted); *see also id.* ("[I]t would appear that initially [plaintiff] had the burden of proving that he was domiciled in New York …."). Courts have applied this principle, including on facts materially identical to those here, in decisions spanning nearly a century.[1] Because Plaintiffs seek to take advantage of the longer New York statute, they bear the burden of establishing New York residency.

Defendants acknowledge (and anticipate that Plaintiffs will cite to) a few decisions holding that a defendant bears the burden to establish that a cause of action accrued outside of New York.[2] And a leading treatise attempts to harmonize the case law by suggesting a bifurcated approach under which "a plaintiff who seeks to come within the exception to CPLR 202 for resident plaintiffs has the burden of proving New York residency," while "a defendant who seeks to have a foreign limitations statute applied bears the burden of showing that the cause of action accrued outside New York and that the applicable foreign statute of limitations has expired." 1 Weinstein, Korn, & Miller, N.Y. Civ. Prac. ¶ 202.04, at 2-52 to 2-53 (2013).

---

[1] *See, e.g.*, *Silva v. Toll Bros' Inc.*, No. 97 Civ. 741, 1998 WL 898307, at *2 (S.D.N.Y. Dec. 23, 1998) ("Plaintiffs have the burden of establishing Mrs. Silva's residency in order to take advantage of the borrowing statute…. If plaintiffs are unable to establish that Mrs. Silva was a resident of New York at the time of the accrual of the claim, she would face the shorter of the two statutes of limitations under CPLR 202."); *Bache Halsey Stuart Inc. v. Namm*, 446 F. Supp. 692, 694 (S.D.N.Y. 1978) (holding that "[t]he burden of proving residence within the meaning of the borrowing statute rests on [counterclaim] defendants, who seek to benefit from New York's longer limitation period," and dismissing counterclaims as time-barred where "there was no suggestion in the pleadings that [counterclaim defendants] were anything but Connecticut domiciliaries"); *Public Admin. of N.Y. County v. Curtiss-Wright Corp.*, 224 F. Supp. 236, 240 (S.D.N.Y. 1963) ("The burden of proving residency is upon the party seeking to take advantage of the New York statute."), *rev'd in part on other grounds*, 411 F.2d 451 (2d Cir. 1969); *Sompo Japan Ins. Co. of Am. v. Travelers Indem. Co.*, No. 118223/2003, 2004 WL 5487929, at *8 (N.Y. Sup. Ct. July 6, 2004) (dismissing claims based on plaintiff's failure "to submit any authority in support of its contention that [plaintiff's] place of residence is New York" and holding that "[a] plaintiff who seeks to come within the exception to CPLR 202 for resident plaintiffs has the burden of proving New York residency"); *Oglesby v. Cranwell*, 250 A.D. 720, 720 (N.Y. 2d Dep't 1937) ("To make [CPLR 202's predecessor statute] applicable it will be necessary for plaintiff to show that he was a resident of this State at the time of the [alleged wrong]."); *Whiting v. Miller*, 188 A.D. 825, 829 (N.Y. 1st Dep't 1919) ("[I]f the plaintiffs wished to bring themselves within the exception contained in [CPLR 202's predecessor statute] by reason of being residents of the State it was for them to prove such facts.").

[2] *See, e.g.*, *Investigative Grp., Inc. v. Brooke Grp. Ltd., Inc.*, No. 95 Civ. 3919, 1997 WL 727484 (S.D.N.Y. Nov. 21, 1997); *Maslan v. American Airlines, Inc.*, 885 F. Supp. 90 (S.D.N.Y. 1995).

Respectfully, *Katz* and the cases cited in note 1 above do not support assigning a burden to a defendant to demonstrate that a cause of action accrued outside of New York. Indeed, using the treatise's bifurcated approach would be vexingly circular in a case like this, where a plaintiff seeks economic damages. That is because a cause of action for economic injury ordinarily accrues where the plaintiff resides, which, in the case of a corporate plaintiff, typically is either its principal place of business or its state of incorporation.[3] Thus, under the suggested bifurcated approach, a plaintiff seeking economic damages would bear the burden to demonstrate New York residency to invoke the exception, while the defendant simultaneously would bear the burden to establish the opposite—that the plaintiff did *not* reside in New York.

In sum, controlling and better reasoned authority indicates that under CPLR 202 a plaintiff always bears the burden to establish New York residency in order to benefit from a longer New York statute of limitations. Ultimately, though, it makes no difference here, because there is no dispute that Plaintiffs reside outside of New York and their cause of action accrued outside of New York. Indeed, Plaintiffs appear to concede that CPLR 202 applies (*i.e.*, that their claim accrued outside New York).[4] More importantly, while Plaintiffs have suggested that the BPP Plaintiffs (but not the FFC or Equity Plaintiffs) have certain "assets … in states other than Pennsylvania," Opp'n 12, nowhere in their two complaints, their forty-page opposition brief, or

---

[3] *See Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 485 (N.Y. 1999); *accord Norex Petroleum Ltd. v. Blavatnik*, No. 650591/11, 2012 WL 8438668, at *3 (N.Y. Sup. Ct. June 13, 2012) (for purposes of CPLR 202, "[i]t is well settled that when a company suffers damages, and the damages are purely economic, the cause of action accrues where those damages were felt, which is the principal place of business of the company"); *see also Robb Evans & Assocs. LLC v. Sun Am. Life Ins.*, No. 10 Civ. 5999, 2012 WL 488257, at *3 (S.D.N.Y. Feb. 14, 2012) ("Courts within the Second Circuit have consistently held that a business entity's residence is determined by its principal place of business."). Deviation from this "settled rule" is "extremely rare" and must be based on a showing by the plaintiff of "unusual circumstances." *Gorlin v. Bond Richman & Co.*, 706 F. Supp. 236, 240 n.8 (S.D.N.Y. 1989).

[4] *See* Opp'n 12 ("Defendants have failed to establish that Pennsylvania's statute of limitations rather than New York's six-year statue under CPLR § 202 governs Plaintiffs' claims."); Tr. 21:4-8 (citing "8 to 10 potential states here, if not more, that could have statute of limitations apply. Nobody has done that analysis under the borrowing statute.").

their oral argument to this Court have Plaintiffs even suggested, much less demonstrated, that they are residents of New York. Thus, wherever the burden(s) may lie, it is clear that Plaintiffs are not entitled to take advantage of New York's six-year limitations period.[5]

## II. Which Other State's Shorter Limitations Period Applies

Although Plaintiffs have not asked the Court to apply the statute of limitations of any state other than New York, they may separately contend that Defendants bear the burden of establishing which state's limitations period applies if not New York's. Defendants acknowledge that "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008), and that although a limitations defense may be raised in a Rule 12(b)(6) motion, including where a CPLR 202 analysis is required, *see Robb Evans & Assocs. LLC v. Sun Am. Life Ins.*, 10 Civ. 5999, 2012 WL 488257, at *3-5 (S.D.N.Y. Feb. 14, 2012), it must "appear[] on the face of the complaint that the cause of action has not been brought within the statute of limitations," *Santos v. Dist. Council of N.Y. City & Vicinity of United Bros. of Carpenters & Joiners of Am.*, 619 F.2d 963, 967 n.4 (2d Cir. 1980).

Defendants' research has not identified a case indicating whether this general principle assigns a burden under CPLR 202 to a defendant where (as here) a plaintiff declines to identify *any* residence. Given that Plaintiffs have never raised any alternative to Pennsylvania (or Delaware), Defendants do not believe that the Court must assign Defendants a burden to prove

---

[5] Plaintiffs offer no explanation for invoking New York's six-year limitations period other than a New York choice of law provision in the Swap. *See* Tr. 22:19-20 (stating that "we are litigating a contract expressly governed by New York law"). Plaintiffs omit that the Note and the Guaranty contain choice of law provisions electing *Pennsylvania* law. *See* Note § 9.9; Guaranty § 23. In any event, and even assuming that the parties' contractual choice of law applies to Plaintiffs' tort claims, where, as here, a contractual choice of law provision does not evince the parties' "express intention" to apply a particular limitations period, it does not affect the statute of limitation analysis. *Portfolio Recovery Assocs., LLC v. King*, 927 N.E.2d 1059, 1061 (N.Y. 2010).

Plaintiffs' residence in addressing this motion.[6]  In the end, though, it makes no difference even if Defendants embrace such a burden because it "appears on the face of the complaint" and the documents incorporated therein by reference that Plaintiffs reside in Pennsylvania, which, by their own admission, is their principal place of business, and that they are incorporated in Delaware.  See note 3, supra, and accompanying text.  Thus, even if Defendants have the burden on this issue, they have carried it, demonstrating that a two- or three-year statute of limitations applies.  See Brinckerhoff v. JAC Holding Corp., 263 A.D.2d 352, 353 (N.Y. 1st Dep't 1999) ("[P]ursuant to … CPLR 202, the applicable Statute of Limitations is that of Georgia, since that is where [plaintiff] had its principal office and where [plaintiff's] alleged monetary damages would be felt.").  Plaintiffs do not contest the facts that lead ineluctably to this conclusion.[7]  The result should be dismissal.

| | |
|---|---|
| Dated:  New York, New York<br>September 20, 2013 | Respectfully submitted,<br><br>/s/ David Sapir Lesser<br>David Sapir Lesser<br>Jamie S. Dycus<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800 (phone)<br>(212) 230-8888 (fax)<br>david.lesser@wilmerhale.com<br>jamie.dycus@wilmerhale.com<br><br>*Counsel for Defendants* |

---

[6]   By way of analogy, the approach specified under New York civil procedure (non-controlling here) requires only that a defendant make out a prima facie case that the claims are time-barred, and then shifts the burden to the plaintiff to raise a question of fact as to whether the statute of limitations applies.  See Singh v. New York City Health & Hosps. Corp., 107 A.D.3d 780, 781 (N.Y. 2d Dep't 2013).  Plaintiffs have not done so here.

[7]   Plaintiffs' suggestion that the location of their assets bears on the analysis finds no support in the law.  See, e.g., Robb Evans & Assocs. LLC, 2012 WL 488257, at *3 (holding plaintiff was a resident, for CPLR 202 purposes, of the state where its principal place of business was located:  "None of the cases cited … stand for the proposition that a business entity is a resident of a state merely because it has a significant connection to that state.").