UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP
MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP
TEXAS, LLC; BPP WISCONSIN, LLC; FFC
PARTNERSHIP, L.P.; and FINE CAPITAL
ASSOCIATES, L.P., BUDGET PORTFOLIO
PROPERTIES, LLC

               Plaintiffs,

   -against-

ROYAL BANK OF SCOTLAND GROUP, PLC;
RBS CITIZENS, N.A.; and CITIZENS BANK OF
PENNSYLVANIA,

               Defendants.

------------------------------------------------------------------ X

Civil Case No. 1:13-CV-00638 (JMF)

# PLAINTIFFS' SUPPLEMENTAL BRIEF ON STATUTE OF LIMITATIONS ISSUES IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................................... 1

POINT I  DEFENDANTS BEAR THE BURDEN OF PROVING THAT PENNSYLVANIA'S TWO-YEAR STATUTE OF LIMITATIONS APPLIES ................................................................ 1

POINT II  DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROOF OR IT IS A FACT ISSUE THAT CANNOT BE DECIDED ON THIS MOTION TO DISMISS ............................... 3

CONCLUSION ............................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbas v. Dixon,*
    480 F.3d 636 (2d Cir. 2007)......................................................................................................4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................................4

*Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC,*
    692 F.3d 42 (2d Cir. 2012).......................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................................4

*Fisher v. Reich,*
    No. 92 Civ. 4158 (MBM), 1995 WL 23966 (S.D.N.Y. Jan. 10, 1995) ....................................3

*Global Financial Corp. v. Triarc Corp.,*
    93 N.Y. 2d 525 (1999) .............................................................................................................3

*Gordon & Co. v. Ross,*
    63 F.Supp.2d 405 (S.D.N.Y.1999) ..........................................................................................3

*Grill v. Philip Morris USA, Inc.,*
    653 F. Supp.2d 481 (S.D.N.Y. 2009)........................................................................................1

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,*
    213 F.3d 48 (2d Cir. 2000).......................................................................................................4

*Katz v. Goodyear Tire and Rubber Co.,*
    737 F.2d 238 (2d Cir. 1984).....................................................................................................2

*Maslan v. American Airlines, Inc.,*
    885 F. Supp. 90 (S.D.N.Y. 1995) ............................................................................................1

*Soward v. Deutsche Bank AG,*
    814 F. Supp. 2d 272 (S.D.N.Y. 2011)...................................................................................1,3

*Toll Brother's Inc., v. Bernardo Painting & Contracting, Inc.,*
    1998 WL 898307 (S.D.N.Y. Dec. 23, 1998) ...........................................................................2

*Vincent v. Money Store,*
    915 F. Supp. 2d 553 (S.D.N.Y. 2013)...................................................................................1,3

*Wultz v. Bank of China Ltd.,*
    No. 11 Civ. 1266 (SAS), 2013 WL 1641179 (S.D.N.Y. Apr. 16, 2013)...............................1,3

**STATUTES**

N.Y. CPLR § 202 ............................................................................................................... 1,2,3

**RULES**

Fed. R. Civ. P. 8(c)(1) ............................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 5

## ARGUMENT

"[W]ho has the burden with respect to the question of what statute of limitations applies."

> —Hon. Jesse M. Furman, D.J.
> September 10, 2013
> (Oral Argument Tr. at 55)

Defendants have the burden of proving that Pennsylvania's two-year statute of limitations applies. (*See* Point I *below*). Defendants have not met that burden, however; therefore, it is an issue of fact that cannot be determined on this motion to dismiss. (*See* Point II *below*).

## POINT I

### DEFENDANTS BEAR THE BURDEN OF PROVING THAT PENNSYLVANIA'S TWO-YEAR STATUTE OF LIMITATIONS APPLIES

"Under New York law, the party invoking a statute of limitations bears the burden of proof for establishing such an affirmative defense." *Grill v. Philip Morris USA, Inc.*, 653 F. Supp.2d 481, 485, (S.D.N.Y. 2009)). Accordingly, when New York's borrowing statute is invoked to seek to apply the statute of limitations of a foreign state, "the party seeking to benefit therefrom bears the burden of proof." *Vincent v. Money Store*, 915 F. Supp. 2d 553, 568 (S.D.N.Y. 2013). *See also Wultz v. Bank of China Ltd.*, No. 11 Civ. 1266 (SAS), 2013 WL 1641179, at *1 (S.D.N.Y. Apr. 16, 2013) (same); *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 278 (S.D.N.Y. 2011) ("[W]hen another state's statute of limitations is considered pursuant to N.Y.C.P.L.R. 202, the party seeking to benefit therefrom bears the burden of proof."); *Maslan v. American Airlines, Inc.*, 885 F. Supp. 90, 93 (S.D.N.Y. 1995) ("[S]ince New York's borrowing statute is framed as an exception to the State's basic limitation rules, the party seeking to borrow a foreign statute of limitations is burdened to show, *inter alia*, that the cause of action accrued outside of New York.").

The cases defendants cited at oral argument (Tr. at 7) in contending that plaintiffs bear the burden of proof do not refute this black letter law. *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238 (2d Cir. 1984), and Judge Cote's decision in *Toll Brother's Inc., v. Bernardo Painting & Contracting, Inc.*, 1998 WL 898307 (S.D.N.Y. Dec. 23, 1998), involved summary judgment motions where *plaintiffs*, not defendants, were seeking to invoke New York's borrowing statute. In *Katz*, the Second Circuit reversed due to "a material factual dispute about plaintiffs' domicile at the time their action accrued." *Id.* at 242. It does not stand for a general proposition that the plaintiff bears the burden of proof on statute of limitations, as defendants contended at oral argument. Just the opposite: *Katz* holds, as this Court must here, that it is the party seeking to invoke the benefits of the borrowing statute that bears the burden of proof; here, that burden is defendants' to bear. 737 F.2d at 243 ("Where the statute of limitations is an affirmative defense, the party asserting the defense must prove the elements of that defense.") (quotations and citations omitted).

The other case that defendants cited at oral argument, *Toll Brothers,* likewise involved a situation in which it was the *plaintiff* that sought the benefit of the borrowing statute and therefore bore the burden of proof. 1998 WL 898307 at *1 ("[Plaintiff] argues that Section 202 of the New York Civil Practice Law and Rules requires this Court to apply the New York statute of limitations."). It too arose in a summary judgment context. Judge Cote held that plaintiff had the burden of establishing her residence in order to invoke the borrowing statute. *Id.* at *2. ("Plaintiffs have the burden of establishing Mrs. Silva's residency in order to take advantage of the borrowing statute."). She ordered the submission of additional papers in order to determine that factual issue. *Id.* at *3.

Therefore, applied here, both of the cases defendants cited at oral argument do not disturb the black letter law that the party seeking to invoke the borrowing statute to obtain the benefit of the out-of-state limitations statute bears the burden of proof. Where, as here, plaintiffs contend for New York's statute and defendants seek to invoke the borrowing statute and obtain the benefit of Pennsylvania's two-year statute of limitations, defendants bear the burden of proof. *See Vincent,* 915 F. Supp. 2d at 553, *Wultz,* 2013 WL at 1641179, and *Soward,* 814 F. Supp. 2d at 272.

For these reasons, defendants have the burden of proof to establish that Pennsylvania's two-year statute of limitations applies.

## POINT II

### DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROOF OR IT IS A FACT ISSUE THAT CANNOT BE DECIDED ON THIS MOTION TO DISMISS

Under the borrowing statute, "a cause of action accrues where the injury is sustained rather than where the defendant committed the wrongful acts." *Gordon & Co. v. Ross,* 63 F.Supp.2d 405, 408 (S.D.N.Y.1999) (citing *Global Financial Corp. v. Triarc Corp.*, 93 N.Y. 2d 525, 529 (1999)). Where, as here, the alleged injury is purely economic, the place of injury is where plaintiffs reside and sustained their economic harm. *See Fisher v. Reich*, No. 92 Civ. 4158 (MBM), 1995 WL 23966, at *8 (S.D.N.Y. Jan. 10, 1995) (concluding that "absent extraordinary circumstances, an economic injury is deemed to occur in the state where the plaintiff resides."). Because defendants rely on CPLR 202 to invoke Pennsylvania's two-year statute of limitations, they must prove that each plaintiff resides in Pennsylvania. This is a question on which they have not met their burden on this motion to dismiss.

The plaintiffs are all limited liability companies. Residence of a LLC is determined by "the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin*

*Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000)). Defendants have made no showing whatsoever of the identities, let alone the residences, of the members of any of the plaintiff LLCs. Thus, they have not met their burden of proof.

Defendants' sole factual contention regarding residency at oral argument (Tr. at 6) was to cite several administrative address listings for the plaintiff LLC entities. But those notice addresses for the LLC entities do not in any way establish the identities or residences of the *members* of the plaintiff entities. Defendants' argument simply fails to recognize and respond to the nature of LLC entities. The office location of the LLC is wholly insufficient to establish residence (of the members) as a matter of law. Defendants are relying on an erroneous approach to this issue which this Court cannot follow. Defendants have thus failed to meet their burden of proving that the plaintiff entities are residents of Pennsylvania to invoke the benefit of Pennsylvania's two-year statute of limitations.

Because defendants have failed to meet their burden of proof to establish that the out-of-state statute of limitations should apply under New York's borrowing statute, the case ought to proceed under New York's six-year limitations statute pursuant to the choice of law provision in the governing agreement in this case. (Declaration of David Lesser, filed May 28, 2013 (ECF No. 30) ("Lesser Decl."), Ex. C, at Part 4(h)).[1] Therefore, defendants' motion to dismiss on

---

[1] A complaint need not anticipate, or attempt to plead around, potential affirmative defenses. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("The Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses."). Requiring plaintiffs to allege in their complaint facts sufficient to overcome a statute of limitations affirmative defense would shift the burden to raise and prove the affirmative defense from defendants to plaintiffs. The standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), require the plaintiffs to plead a plausible, well-founded cause of action, but do not justify shifting the burden of raising the defense from the defendants to plaintiffs in contravention of Rule 8(c)(1).

4

statute of limitations grounds should be denied, or, at most, in ruling on the motion, the Court should find that the correct statute of limitations to apply in this case is a fact issue that cannot be decided on this Rule 12(b)(6) motion.[2]

Regardless, plaintiffs have shown that any two-year statute of limitations has not run here because (1) they did not have notice that their claims had accrued until less than two years prior to the filing date (*see* Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion To Dismiss at 13-17) and (2) the statute is tolled because defendants concealed their fraud (id. at 17-19).

## CONCLUSION

For the supplemental reasons stated above, plaintiffs respectfully request that this Court deny defendants' motion to dismiss on statute of limitations grounds.

DATED: September 20, 2013                    BAKER & HOSTETLER LLP

By: /s/ *John Siegal*
John Siegal (JS-1036)
Dominic Gentile (DG-7593 )

45 Rockefeller Plaza
New York, N.Y. 10111
(212) 589-4200

*Attorneys for plaintiffs*

---

[2] Statute of limitations is not an issue that defendants raised in their pre-motion letter regarding the original complaint. Plaintiffs have not had an opportunity to amend their complaint in anticipation of a defense motion on statute of limitations grounds. Accordingly, any dismissal on statute of limitations grounds at this point should be without prejudice and with leave to replead on this issue.