UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP TEXAS, LLC; BPP WISCONSIN, LLC; FFC PARTNERSHIP, L.P.; FINE CAPITAL ASSOCIATES, L.P.; and BUDGET PORTFOLIO PROPERTIES, LLC,<br><br>                    Plaintiffs,<br><br>    -against-<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS CITIZENS, N.A.; and CITIZENS BANK OF PENNSYLVANIA,<br><br>                    Defendants. | Civil Action No. 1:13-cv-638-JMF |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

Defendants respectfully submit this response to Plaintiffs' September 20, 2013 Supplemental Brief on Statute of Limitations Issues. Mindful that the Court requested submissions limited to the issue of which party bears the burden as to statute of limitations, Defendants respond here solely in order to apprise the Court of relevant authority concerning a substantive legal argument that Plaintiffs briefed for the first time in their supplemental brief.

Plaintiffs argue that because they are "all limited liability companies," their residence under New York's borrowing statute must be determined by reference to the "residences of the *members* of the plaintiff entities." Pls.' Supp. Br. at 3-4 (emphasis in original). Plaintiffs rely on cases looking to the citizenship of an LLC to determine whether diversity jurisdiction exists. *See id.* at 3 (citing *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). (In fact, the two FFC Plaintiffs are limited partnerships, *see* Am. Compl. ¶¶ 14-15, but the distinction is immaterial because the Supreme Court has similarly held that the citizenship of

the partners of a limited partnership is relevant to determining diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).) These diversity cases have nothing to do with the borrowing statute, however, and courts analyzing the residence of an LLC or limited partnership under CPLR 202 look to the entity's principal place of business, not the residence of its members. For example, Judge Mukasey has rejected the argument that a limited partnership's residence for purposes of CPLR 202 should be determined "by the residence of its general partner," explaining that such an approach is contrary to the weight of precedent and the purpose of the borrowing statute. *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 89 Civ. 0782, 1989 WL 131648, at *1-3 (S.D.N.Y. Nov. 1, 1989). Other cases are in accord. *See, e.g.*, *Kat House Prods., LLC v. Paul, Hastings, Janofsky & Walker, LLP*, 71 A.D.3d 580, 580-81 (N.Y. 1st Dep't 2010) (looking to principal place of business of LLC for purposes of CPLR 202); *Proforma Partners, LP v. Skadden Arps Slate Meagher & Flom, LLP*, 280 A.D.2d 303, 303-04 (N.Y. 1st Dep't 2001) (same for limited partnership).

Dated: New York, New York  
September 27, 2013

Respectfully submitted,

/s/ David Sapir Lesser  
David Sapir Lesser  
Jamie S. Dycus  
Wilmer Cutler Pickering Hale and Dorr LLP  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
(212) 230-8800 (phone)  
(212) 230-8888 (fax)  
david.lesser@wilmerhale.com  
jamie.dycus@wilmerhale.com

*Counsel for Defendants*