UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP TEXAS, LLC; BPP WISCONSIN, LLC; FFC PARTNERSHIP, L.P.; FINE CAPITAL ASSOCIATES, L.P.; and BUDGET PORTFOLIO PROPERTIES, LLC, <br><br>                   Plaintiffs, <br><br>   -against- <br><br> THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS CITIZENS, N.A.; and CITIZENS BANK OF PENNSYLVANIA, <br><br>                   Defendants. | Civil Action No. 1:13-cv-638-JMF |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................1

ARGUMENT .......................................................................................................................3

I.  THE LAW OF THE CASE FORECLOSES FURTHER AMENDMENT .........................3

II. NO BASIS EXISTS FOR A FAVORABLE EXERCISE OF THIS COURT'S
    DISCRETION ..................................................................................................................6

    A.  Undue Delay and Failure to Cure ..........................................................................6

    B.  Dilatory Motive......................................................................................................7

    C.  Prejudice ................................................................................................................8

    D.  Futility...................................................................................................................9

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bay Harbour Management, LLC v. Carothers*,
   474 F. Supp. 2d 501 (S.D.N.Y. 2007) ......................................................................................9

*Berman v. Parco*,
   986 F. Supp. 195 (S.D.N.Y. 1997) ............................................................................................7

*BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*,
   603 F. App'x 57 (2d Cir. 2015) ............................................................................................2, 3

*Day v. Moscow*,
   955 F.2d 807 (2d Cir. 1992) .....................................................................................................4

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) .......................................................................................................9

*Green v. Mattingly*,
   585 F.3d 97 (2d Cir. 2009) .......................................................................................................6

*In re General Electric Co. Securities Litigation*,
   No. 09-cv-1951, 2012 WL 2892376 (S.D.N.Y. July 12, 2012) ................................................8

*McAnaney v. Astoria Finance Corp.*,
   No. 04-cv-1101, 2007 WL 2702348 (E.D.N.Y. Sept. 12, 2007) ..............................................5

*National Petrochemical Co. of Iran v. M/T Stolt Sheaf*,
   930 F.2d 240 (2d Cir. 1991) .....................................................................................................5

*NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*,
   No. 08-cv-10783, 2015 WL 72576 (S.D.N.Y. Jan. 6, 2015) ....................................................4

*North River Insurance Co. v. Phila. Reinsurance Corp.*,
   63 F.3d 160 (2d Cir. 1995) ...................................................................................................4, 5

*Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003) .....................................................................................................5

*Priestley v. American Airlines, Inc.*,
   No. 89-cv-8265, 1991 WL 64459 (S.D.N.Y. Apr. 12, 1991) ...................................................7

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008) .....................................................................................................6

*Sompo Japan Insurance Co. of America v. Norfolk Southern Railway Co.*,
   762 F.3d 165 (2d Cir. 2014) .....................................................................................................4

*State Trading Corp. of India v. Assuranceforeningen Skuld*,
 921 F.2d 409 (2d Cir. 1990) ...................................................................................... 7

*United States v. Quintieri*,
 306 F.3d 1217 (2d Cir. 2002) ..................................................................................... 3

*Vine v. Beneficial Finance Co.*,
 374 F.2d 627 (2d Cir. 1967) ....................................................................................... 8

*Volunteer Fire Association of Tappan, Inc. v. County of Rockland*,
 No. 09-cv-4622, 2010 WL 4968247 (S.D.N.Y. Nov. 24, 2010) ................................ 8

**RULES**

Fed. R. Civ. P. 15(a) ............................................................................................................ 6

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' motion to amend. The FFC and Equity Plaintiffs' claims have been dismissed with prejudice and the dismissal affirmed by the Second Circuit. Permitting Plaintiffs to revive those claims now would contravene the mandate of the Court of Appeals and the law of the case. In addition, even if amendment were permissible under the law of the case, the circumstances do not warrant a favorable exercise of the Court's discretion. Rather, Plaintiffs' delay in seeking to allege facts that (if true) have been known to them since before the litigation began, the implausibility of their explanations for the delay, the prejudice to Defendants if amendment were permitted, and the futility of the proposed amendment, all favor denial of the motion.

## BACKGROUND

This lawsuit was filed in New York state court in December 2012 and removed to this Court in January 2013. *See* ECF No. 1. On April 9, 2013, the parties stipulated to, and the Court so ordered, a briefing schedule under which, after seeing Defendants' motion to dismiss, Plaintiffs would be afforded *one* opportunity to amend their complaint. *See* ECF No. 14.

On April 16, 2013, as set forth in the stipulated briefing schedule, Defendants moved to dismiss the complaint. ECF No. 21. Defendants argued that the FFC Plaintiffs' claims were subject to dismissal because, *inter alia*, they were derivative of the claims of the BPP Plaintiffs. Defendants' brief pointed specifically to the allegation in the complaint that "representations concerning USD LIBOR rates were made only to the BPP Plaintiffs." ECF No. 22 at 37.

On May 6, 2013, also pursuant to the parties' stipulated briefing schedule, Plaintiffs amended their complaint. ECF No. 27. In amending, Plaintiffs did not alter or supplement their allegations to attempt to correct the deficiency identified by Defendants.

On May 28, 2013, once again in accordance with the stipulated schedule, Defendants moved to dismiss the Amended Complaint. ECF No. 28. Defendants again argued that the

claims of the FFC and Equity Plaintiffs were subject to dismissal because, *inter alia*, those plaintiffs were not alleged to have participated in the January 28, 2008 meeting.

On September 10, 2013, at oral argument on Defendants' motion to dismiss, Plaintiffs' counsel explained Plaintiffs' decision not to plead particularized facts about the FFC and Equity Plaintiffs in the original or Amended Complaint: "We're not trying to create a public filing saying that this business ended up in bankruptcy. They knew who the people were…. But I don't have to broadcast that on the public record in order to bring a claim in federal court." ECF No. 38 ("Tr.") 36:7-16. Plaintiffs did not request leave to amend to add such facts.

In supplemental briefing in opposition to Defendants' motion to dismiss, Plaintiffs requested leave to replead on the issue of statute of limitations if the Court dismissed their claims as untimely. ECF No. 41 at 5 n.2. Plaintiffs made no similar request related to the presence (or absence) of the FFC or Equity Plaintiff at the January 28, 2008 meeting.

On November 13, 2013, the Court dismissed the Amended Complaint with prejudice, holding, *inter alia*, that dismissal was warranted because "the Amended Complaint fails to include even a single allegation detailing with particularity a specific occasion on which Defendants made fraudulent representations to the FFC Plaintiffs or the Equity Plaintiff." ECF No. 44 at 8. The Court denied Plaintiffs' request for leave to amend on the issue of timeliness. *Id.* at 21 n.7.

Plaintiffs appealed. On May 13, 2015, the Second Circuit affirmed the dismissal of the FFC and Equity Plaintiffs' claims, agreeing with this Court that "the Amended Complaint does not specifically identify any allegedly fraudulent statements made to the FFC Plaintiffs or the Equity Plaintiff." *BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*, 603 F. App'x 57, 58 (2d Cir. 2015). The Second Circuit also noted that "[w]hile plaintiffs' counsel has stated that

claims of the FFC and Equity Plaintiffs were subject to dismissal because, *inter alia*, those plaintiffs were not alleged to have participated in the January 28, 2008 meeting.

On September 10, 2013, at oral argument on Defendants' motion to dismiss, Plaintiffs' counsel explained Plaintiffs' decision not to plead particularized facts about the FFC and Equity Plaintiffs in the original or Amended Complaint: "We're not trying to create a public filing saying that this business ended up in bankruptcy. They knew who the people were…. But I don't have to broadcast that on the public record in order to bring a claim in federal court." ECF No. 38 ("Tr.") 36:7-16. Plaintiffs did not request leave to amend to add such facts.

In supplemental briefing in opposition to Defendants' motion to dismiss, Plaintiffs requested leave to replead on the issue of statute of limitations if the Court dismissed their claims as untimely. ECF No. 41 at 5 n.2. Plaintiffs made no similar request related to the presence (or absence) of the FFC or Equity Plaintiff at the January 28, 2008 meeting.

On November 13, 2013, the Court dismissed the Amended Complaint with prejudice, holding, *inter alia*, that dismissal was warranted because "the Amended Complaint fails to include even a single allegation detailing with particularity a specific occasion on which Defendants made fraudulent representations to the FFC Plaintiffs or the Equity Plaintiff." ECF No. 44 at 8. The Court denied Plaintiffs' request for leave to amend on the issue of timeliness. *Id.* at 21 n.7.

Plaintiffs appealed. On May 13, 2015, the Second Circuit affirmed the dismissal of the FFC and Equity Plaintiffs' claims, agreeing with this Court that "the Amended Complaint does not specifically identify any allegedly fraudulent statements made to the FFC Plaintiffs or the Equity Plaintiff." *BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*, 603 F. App'x 57, 58 (2d Cir. 2015). The Second Circuit also noted that "[w]hile plaintiffs' counsel has stated that

such vagueness regarding the presence of the FFC Plaintiffs and the Equity Plaintiff at the January 28, 2008 presentation could be clarified, plaintiffs have never actually sought leave to replead to correct this ambiguity." *Id*. Finally, having vacated the dismissal of the BPP Plaintiffs' claims on statute of limitations grounds, the Second Circuit remanded for consideration of Defendants' other grounds supporting dismissal of those claims.

On June 12, 2015, Plaintiffs filed a letter with this Court indicating their intention to "amend the complaint to remedy the perceived Rule 9(b) pleading deficiency identified by this Court in the original decision regarding the claims asserted by the FFC Plaintiffs and the Equity Plaintiff." Letter of John Siegal (June 12, 2015), Dkt. No. 50 at 1. On July 17, 2015, Plaintiffs moved for leave to amend. ECF No. 61. Plaintiffs request permission to "allege that Mr. Branovan and Mr. Lavelle were the representatives of the FFC Plaintiffs and the Equity Plaintiff, as well as the representatives of the BPP Plaintiffs, who attended the January 28, 2008 meeting." ECF No. 62 ("Br.") at 6. Plaintiffs have not submitted a proposed further amended complaint setting forth their new allegations.

## ARGUMENT

### I. THE LAW OF THE CASE FORECLOSES FURTHER AMENDMENT

As a threshold matter, Plaintiffs' request for leave to amend should be denied as contrary to the law of the case. The law of the case doctrine has two branches. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). One branch "requires a trial court to follow an appellate court's previous ruling on an issue in the same case." *Id.* The other "holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *Id.* (internal quotation marks omitted). Both branches support denial of Plaintiffs' motion.

*First*, the FFC and Equity Plaintiffs, having declined to challenge the Second Circuit's affirmance of this Court's dismissal with prejudice of their claims (*e.g.*, through a petition for rehearing or for certiorari), may not now obtain a reversal of that decision through amendment. "Where issues have been explicitly or implicitly decided on appeal, the law-of-the-case doctrine obliges the district court on remand to follow the decision of the court of appeals." *Day v. Moscow*, 955 F.2d 807, 812 (2d Cir. 1992) (internal quotation marks omitted). This "mandate rule" is non-discretionary: The Court "must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (internal quotation marks omitted). Further, "where the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand." *Id.* The Second Circuit made plain in the Summary Order that the claims of the FFC and Equity Plaintiffs were terminated. Granting Plaintiffs' request for leave to amend and to reconsider the dismissed claims thus would violate both "the mandate and such law of the case as was established by the appellate court." *Id.* (internal quotation marks omitted); *see also NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, No. 08-cv-10783, 2015 WL 72576, at *2 (S.D.N.Y. Jan. 6, 2015) (denying leave to revive dismissed claims by amendment where Second Circuit "affirmed dismissal of [those claims], and, by implication, decided that [those claims] should not be repled").

*Second*, reviving the claims of the FFC and Equity Plaintiffs would be contrary to the law of the case as decided by this Court. The Second Circuit has declared that a court "should be loathe to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *North River Ins.*

*Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995); *see also id.* ("[T]he law of the case should be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." (internal quotation marks omitted)). No such "extraordinary circumstances" exist here. Plaintiffs do not even suggest that the decision constituted clear error, instead apparently seeking reconsideration on the theory that their perceived limitation to a single amendment worked a "manifest injustice." *See* Br. 7. As discussed above and below, however, it is not plausible that Plaintiffs thought they were unable to request leave to amend; they *did* request leave to amend, just not as to the new allegations they now seek to plead. Furthermore, even if Plaintiffs believed they were limited to a single amendment under the Court's individual rules, they stipulated to that limitation rather than ask the Court to order a different procedure, and they cannot now be heard to complain that such a limitation was "manifestly unjust." Accordingly there is no basis to reconsider the Court's prior ruling. *See, e.g.*, *National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); *McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2007 WL 2702348, at *12 n.18 (E.D.N.Y. Sept. 12, 2007) (law of the case doctrine barred assertion of dismissed claims as to which plaintiffs did not seek reconsideration); *cf. Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (stating that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").

## II. NO BASIS EXISTS FOR A FAVORABLE EXERCISE OF THIS COURT'S DISCRETION

Regardless of whether the law of the case permits the requested amendment, Defendants respectfully submit that the Court should deny the motion as a matter of discretion. *See Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend.") (internal quotation marks omitted). Leave to amend is properly denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). All of these considerations weigh against permitting a further amendment here.

### A. Undue Delay and Failure to Cure

Plaintiffs have unduly delayed in requesting leave. Presented with numerous opportunities to assert the allegations they now proffer, or to request leave of the Court to do so, Plaintiffs repeatedly opted against. Plaintiffs could have alleged such facts in their initial complaint; they could have alleged such facts in their Amended Complaint, filed *after* Defendants' initial motion to dismiss specifically identified their failure of pleading; and they could have sought leave to amend to add such facts before the Court ruled on Defendants' motion to dismiss. Instead, Plaintiffs waited until after this Court dismissed their claims with prejudice and the Second Circuit affirmed the dismissal, and only then requested leave.

The Second Circuit has explained that, notwithstanding the statement of Fed. R. Civ. P. 15(a) that leave to amend shall be given "freely … when justice so requires," in a case where (as here) "the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more

exactingly." *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). Furthermore, "leave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." *Priestley v. American Airlines, Inc.*, No. 89-cv-8265, 1991 WL 64459, at *1 (S.D.N.Y. Apr. 12, 1991); *see also Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("[T]he Court may deny a motion to amend where the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." (internal quotation marks omitted)). Here, there is no suggestion that Plaintiffs were unaware of the facts they now seek to allege—only that they elected not to allege them until after receiving the decisions of this Court and the Court of Appeals on Defendants' motion to dismiss. They should not be permitted to do so now.

    **B.**    **Dilatory Motive**

Plaintiffs also fail to provide any reasonable or cogent explanation that could justify their delay in amending or seeking leave to amend, suggesting instead an impermissible "dilatory motive." At oral argument before this Court, unable to assert that Plaintiffs were unaware of the supposed facts Plaintiffs now proffer at any relevant time, Plaintiffs' counsel explained the decision not to plead such facts, or to seek leave to add them to the Amended Complaint, as a matter of deliberate strategic choice: Plaintiffs preferred not to "create a public filing saying that this business ended up in bankruptcy." Br. 2 (internal quotation marks omitted); *see also* Tr. at 38:1-4 (statement of Plaintiffs' counsel: "Maybe that was an error on my part, maybe I should have put the names in. But I don't have to, because I don't have to broadcast the problems that this business had. It's a private family office."). The explanation rings especially hollow given

that the first line of Plaintiffs' original complaint states that "[t]his is a case about fraud by a global bank that drove the plaintiff borrowers into bankruptcy." ECF No. 1 at 16.

Plaintiffs now offer an alternative explanation, contending that they did not previously seek leave to amend because they believed, based either on the parties' stipulation or on the Court's individual practices, that they were barred from doing so. Plaintiffs suggest that a change in the Court's individual practices has since affected their ability to request leave—without actually claiming that it constitutes a change in controlling law. But those contentions, too, are implausible, because Plaintiffs *did* seek conditional leave to amend their allegations concerning timeliness. *See* ECF No. 41 at 5 n.2. Plaintiffs simply omitted any similar request aimed at curing their failure to plead specific facts concerning the FFC and Equity Plaintiffs. Whether Plaintiffs' omission was inadvertent or tactical, it certainly did not relate to any reasonable belief that the Court lacked discretion to grant leave to amend or that to seek leave to amend was improper. Nor does it merit a favorable exercise of this Court's discretion now. *See In re Gen. Elec. Co. Sec. Litig.*, No. 09-cv-1951, 2012 WL 2892376, at *4 (S.D.N.Y. July 12, 2012) (denying leave to amend: "A court may make a finding of 'bad faith' for Rule 15(a) purposes where a party waited to see 'how he would fare on the prior motion to dismiss.'" (quoting *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 637 (2d Cir. 1967)).

### C. Prejudice

Permitting amendment would also prejudice Defendants, who have now briefed their motion to dismiss three times. The burden of additional briefing to address the proposed new allegations, which could have been included in either of Plaintiffs' two prior complaints, would constitute prejudice. *See Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-cv-4622, 2010 WL 4968247, at *6 (S.D.N.Y. Nov. 24, 2010) (denying leave where, if amendment were permitted, "Defense counsel would have wasted resources, and Defendants would have

needlessly incurred legal fees, in drafting motions to dismiss the original Complaint"); *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) (same where defendants' "motion to dismiss the amended complaint had been fully briefed and defense counsel had prepared for oral argument…. It would not be fair to require defendants to start all over with a new complaint containing new allegations.").

### D. Futility

Finally, the proposed amendment would be futile. As set forth in detail in Defendants' motion to dismiss, all of Plaintiffs' claims are subject to dismissal on multiple grounds. Even if the FFC and Equity Plaintiffs had pled that they were present at the January 28, 2008 meeting described in the Amended Complaint, they could not plead injury, a fraudulent statement, reliance, or the existence of a special or fiduciary relationship. Permitting them to remedy the one pleading failure already ruled upon by this Court and the Second Circuit—assuming they could—would simply expose them to dismissal on other grounds. More importantly, it would be a needless waste of the Court's and the parties' resources and time. On this basis, too, leave to amend should be denied. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### CONCLUSION

For all of the reasons set forth herein, Defendants respectfully submit that Plaintiffs' motion for leave to file a Second Amended Complaint should be denied.

Dated: New York, New York  
July 31, 2015

/s/ David Sapir Lesser  
David Sapir Lesser  
Fraser Hunter  
Jamie Dycus  
Colin Reardon  
Wilmer Cutler Pickering Hale and Dorr LLP  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
(212) 230-8800 (phone)  
(212) 230-8888 (fax)

david.lesser@wilmerhale.com
fraser.hunter@wilmerhale.com
jamie.dycus@wilmerhale.com
colin.reardon@wilmerhale.com

*Counsel for The Royal Bank of Scotland Group plc; RBS Citizens, N.A.; and Citizens Bank of Pennsylvania*