UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
BPP ILLINOIS, LLC; BPP IOWA, LLC;       :
BPP MICHIGAN, LLC; BPP MINNESOTA,   :     Civil Case No. 1:13-CV-00638 (JMF)
LLC; BPP TEXAS, LLC; BPP WISCONSIN,  :
LLC; FFC PARTNERSHIP, L.P.; and FINE  :
CAPITAL ASSOCIATES, L.P., BUDGET    :
PORTFOLIO PROPERTIES, LLC            :
                                        :
          Plaintiffs,                 :
                                        :
   -against-                       :
                                        :
ROYAL BANK OF SCOTLAND GROUP,       :
PLC; RBS CITIZENS, N.A.; and CITIZENS  :
BANK OF PENNSYLVANIA,              :
                                        :
         Defendants.               :
                                        x
-------------------------------------------------------

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**BAKER HOSTETLER LLP**
John Siegal
Loura L. Alaverdi
Dominic A. Gentile
45 Rockefeller Plaza
New York, N.Y. 10111
(212) 589-4200

Attorneys for Plaintiffs BPP Illinois, LLC, BPP
Iowa, LLC, BPP Michigan, LLC, BPP Minnesota,
LLC, BPP Texas, LLC, FFC Partnership, L.P.,
Fine Capital Associates, L.P., BPP Wisconsin,
LLC, Budget Portfolio Properties, LLC

**PRELIMINARY STATEMENT**

The FFC Plaintiffs and Equity Plaintiffs were represented at the January 28, 2008 meeting where Plaintiffs allege Defendants made false and misleading representations regarding LIBOR that induced Plaintiffs to enter into the transaction at issue in this case. Defendants have never denied that they met with corporate representatives of all of the Plaintiffs.

The interests of justice support permitting Plaintiffs to file a second amended complaint to include this specific allegation. It will remedy the perceived Rule 9(b) pleading deficiency identified by this Court in its original decision regarding the claims asserted by the FFC Plaintiffs and the Equity Plaintiff, and affirmed without argument based on a misunderstanding of the record by the Second Circuit.

Plaintiffs' request for leave to amend is in good faith and without undue delay. There will be no undue prejudice to Defendants by allowing the filing of a second amended complaint when initial motions are still being decided and no discovery has occurred. Accordingly, the Court should exercise its discretion in favor of permitting Plaintiffs to file an amended complaint.

**ARGUMENT**

**I.     THE LAW OF THE CASE DOES NOT BAR FURTHER AMENDMENT**

The law of the case doctrine does not bar the Court from granting Plaintiffs leave to file an amended complaint. While the Second Circuit affirmed this Court's decision on the Rule 9(b) issue without any argument on the issue at the appellate hearing, the Circuit stated that "plaintiffs have never actually sought leave to replead to correct this ambiguity." *BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 603 F.App'x 57, 58 (2d Cir. 2015). The Circuit's statement in that regard was not fully informed of the procedural context in which the issue arose originally in this Court under this Court's rules of practice then in effect that Plaintiffs reasonably believed prevented them from seeking leave to replead at the time the alleged Rule 9(b) infirmity was discussed at oral argument on Defendants' motion

to dismiss. Plaintiffs are now asking this Court to consider facts not considered by the Second Circuit regarding Plaintiffs' failure to ask for leave to amend. Based on these circumstances, the issues before this Court are different and do not raise an issue that was decided by the Second Circuit. *See Sompo Japan Ins. Co. of America v. Norfolk Southern Ry.Co.*, 762 F.3d 165, 175 (2014) (stating that "the district court did not violate the mandate rule by addressing on remand an issue that was not decided by this Court in the original appeal.").

Permitting Plaintiffs to file an amended complaint is within the sound discretion of this Court. Even if the law of the case doctrine is implicated based on this Court's prior decision, under the circumstances present here, it does not constitute a limitation on the Court's ability to grant Plaintiffs' motion to file a second amended complaint to remedy the perceived Rule 9(b) deficiency. As set forth in Plaintiffs' opening brief and reiterated below, Plaintiffs have acted in good faith and it would work a manifest injustice if Plaintiffs were deprived of the opportunity to file an amended complaint.

## II. THE INTERESTS OF JUSTICE ARE SERVED BY PERMITTING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT

The Court should exercise its discretion and permit Plaintiffs to file a second amended complaint. All of the relevant factors favor permitting Plaintiffs to amend their complaint to cure the Rule 9(b) deficiency. Defendants' arguments against amendment are not convincing and are based on factual mischaracterizations.

### A. Plaintiffs' Motion To Amend Is Timely And In Good Faith

Plaintiffs' request to file a second amended complaint is timely and unrelated to any "dilatory motive," contrary to Defendants' suggestion (at 7). The BPP and FFC Plaintiffs filed their initial complaint believing that they had sufficiently alleged facts to satisfy the requirements of Rule 9(b). After Defendants filed their initial motion to dismiss, Plaintiffs filed the Amended

2

Complaint, adding the Equity Plaintiff as a party, and more specifically alleging that all of the Plaintiffs were present at all times when the loan/swap was negotiated, including when Defendants made false representations regarding the accuracy and reliability of LIBOR. ***(Compare Original Complaint ¶¶ 64-71 setting forth misrepresentations to only the BPP Plaintiffs with Amended Complaint ¶¶ 59, 60, 70, 71 setting forth misrepresentations to the BPP Plaintiffs and further alleging that the FFC and Equity Plaintiffs were present at all such discussion).*** Plaintiffs believed that their Amended Complaint sufficiently addressed the perceived pleading deficiencies identified by Defendants in their initial motion to dismiss.

When the Court expressed skepticism about the adequacy of Plaintiffs' more detailed allegations at the hearing on Defendants' motion to dismiss, Plaintiffs' counsel presented even more specific facts that clarified Plaintiffs' allegations, including the names of the individuals who represented the FFC and Equity Plaintiffs at meetings, including specifically on January 28, 2008. Plaintiffs' counsel did so specifically to alert the Court that any perceived Rule 9(b) deficiency could easily be cured. Plaintiffs' failure to include these more specific facts in their Amended Complaint was not part of some motive to withhold facts at the expense of failing to satisfy the requirements of Rule 9(b). Defendants' suggestion to the contrary is baseless and misguided speculation. Plaintiffs had a good faith belief that their Amended Complaint fully complied with the Rule 9(b) specificity requirements.

Plaintiffs' counsel explained at the hearing on Defendants' motion to dismiss that the names of the specific representatives of Plaintiffs were not mentioned for privacy reasons. Defendants question the veracity of this explanation (at 7-8) by pointing out that the original complaint stated that this was a case about plaintiff borrowers being driven into bankruptcy. This misses the point. While it is no secret that the BPP Plaintiffs claim in their public filings

3

that they were driven into bankruptcy, the Amended Complaint does not identify specific names for the Plaintiffs' principal or the individuals who were representing him so as to try to keep that identifying information from being publicly disclosed or at least easily searchable. As explained above, Plaintiffs never expected that their failure to mention the names of the specific representatives of Plaintiffs, whose identities are known to Defendants without having to be mentioned in a complaint, would be perceived as a Rule 9(b) pleading deficiency. The Court disagreed as a technical pleading requirement under Rule 9(b), although Defendants, defense counsel and the Court have long been on notice of the specific, particular facts that meet Rule 9(b) muster.

Defendants argue (at 8) that it is "implausible" that Plaintiffs believed that they were barred from requesting leave to amend based on the Court's individual practices because Plaintiffs sought leave to amend to address any deficiencies with respect to the statute of limitations issue. Defendants make a false accusation. Plaintiffs have been candid with this Court and Defendants regarding their interpretation of the Court's individual rules.

Plaintiffs believed that it would not violate the Court's rules, as they understood them, if they asked for leave to amend on the statute of limitations issue because Defendants had not previously raised that argument. They did so for the very first time in their motion to dismiss the Amended Complaint. Unlike the Rule 9(b) issue, Defendants had not raised their statute of limitations argument in their pre-motion meet and confer letter that had to be submitted before they could file their motion to dismiss or in the initial motion to dismiss the original complaint that followed the pre-motion meet and confer letter. Because Defendants failed to give Plaintiffs any notice of their statute of limitations argument before Plaintiffs filed their Amended Complaint and attempted to cure any perceived deficiencies raised by Defendants, this Court's

individual rules permitted Plaintiffs to request leave to address any deficiencies on the statute of limitations issue.

Plaintiffs have been candid with the Court and have acted in good faith in presenting their allegations to the Court. They should not be deprived of the opportunity to litigate the FFC and Equity Plaintiffs' claims based on a technicality that deprives them of resolution of their claims on the merits.

### B. There Is No Undue Prejudice To Defendants

The filing of a second amended complaint will not cause any undue prejudice to Defendants when initial motions are still pending and no further proceedings have yet occurred. The cases relied on by Defendants are distinguishable and do not remotely support Defendants' position. In *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, the court did not allow amendment because the plaintiff filed its proposed amended complaint nearly two months after a court-ordered deadline and the plaintiff "offered no explanation for its disregard of the Court-ordered deadline." 2010 WL 4968247, at *6 (S.D.N.Y. Nov. 24, 2010). In *Bay Harbour Mgmt., LLC v. Carothers*, the court denied amendment because the source of the new allegations that the plaintiffs wanted to add submitted a declaration under penalty of perjury flatly denying the allegations. 474 F. Supp. 2d 501, 503 (S.D.N.Y 2007). Clearly neither case presents the situation here, where fairness and liberal pleading policies should be preserved by permitting an amendment.

### C. Amendment Would Not Be Futile

Plaintiffs have demonstrated that amendment would not be futile by setting forth the facts that they could, and would, allege if permitted to file a second amended complaint. Defendants have never denied the particular facts Plaintiffs seek to add, or that they would cure the

5

perceived Rule 9(b) deficiency.  Instead, Defendants argue (at 9) that the Court should not grant leave to amend because it "would expose [Plaintiffs] to dismissal on other grounds."  Those issues are pending.   They provide no reason to deny leave to amend so that the FFC and Equity Plaintiffs' claims can be heard and decided with all others in this case.

## CONCLUSION

For all the reasons explained above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file a second amended complaint.

Dated: August 7, 2015

**BAKER & HOSTETLER LLP**

By: *s/ John Siegal*
John Siegal
jsiegal@bakerlaw.com

45 Rockefeller Plaza
New York, New York  10111
(212) 589-4200
(212) 589-4201 (fax)

Of Counsel:

Loura Alaverdi
lalaverdi@bakerlaw.com

Dominic Gentile
dgentile@bakerlaw.com

Attorneys for Plaintiffs BPP Illinois, LLC., BPP Iowa, LLC, BPP Michigan, LLC., BPP Minnesota, LLC, BPP Texas, LLC, BPP Wisconsin, LLC, FFC Partnership, L.P., and Fine Capital Associates, L.P., Budget Portfolio Properties, LLC

6