UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP TEXAS, LLC; BPP WISCONSIN, LLC; FFC PARTNERSHIP, L.P.; and FINE CAPITAL ASSOCIATES, L.P., <br><br>                                Plaintiffs, <br><br> -against- <br><br> THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS CITIZENS, N.A.; and CITIZENS BANK OF PENNSYLVANIA, <br><br>                                Defendants. | 13 Civ. 0638 (JMF) <br><br> **DECLARATION OF LOURA ALAVERDI IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

LOURA ALAVERDI, an attorney admitted to practice before this Court and the courts of the State of New York, hereby declares:

1.     I am a partner in the BakerHostetler law firm, counsel to Plaintiffs in this action. I make this Declaration in support of Plaintiffs' Memorandum Of Law In Support Of Motion For Leave To File Second Amended Complaint.

2.     Plaintiffs explained in a June 12, 2015 letter to the Court that they did not request leave to file a second amended complaint to cure the perceived Rule 9(b) deficiencies because, at the time, under this Court's then in effect rules, Plaintiffs believed that they were barred from seeking leave to amend for a second time once we opposed Defendants' motion to dismiss. *See* Rule 3(B)(ii), Individual Rules and Practices in Civil Cases, Jesse M. Furman, U.S.D.J., Revised: October 12, 2012 ("If a motion to dismiss is filed, the plaintiff has a right to amend its pleading pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure within twenty-one days. If the plaintiff elects not to amend its pleading, no further opportunities to amend to address the deficiencies identified by the motion to dismiss will be granted and the motion will proceed in

the normal course.") Indeed, this bar on a second amended complaint was incorporated into a scheduling Stipulation so ordered by the Court on April 9, 2013 providing among other things that "[n]o further amendments of the Complaint will be permitted." Accordingly, when the issue arose at the hearing on the motion to dismiss, Plaintiffs did not believe that they could ask for leave to amend under this Court's then in effect rules incorporated into the Stipulation.

3. Since that time, it appears to Plaintiffs that the Court's then in effect rules have been changed, deleting the former special rule governing motions to dismiss, and no longer prohibiting second amended complaints following an opposition to a second motion to dismiss. Had the current rules been in effect as of the oral argument, Plaintiffs most certainly would have requested leave to amend at the oral argument on the motion to dismiss. In fact, had the court rules been in effect when this case was originally transferred to the Court, then Plaintiffs would never have voluntarily entered into the Stipulation.

4. Defendants argue in their opposition (ECF No. 73, p. 8) to Plaintiffs' Motion For Leave To File Second Amended Complaint that it is "implausible" that Plaintiffs believed that they were barred from requesting leave to amend based on the Court's individual practices because Plaintiffs sought leave to amend to address any deficiencies with respect to the statute of limitations issue. Defendants' accusation is unwarranted. Under this Court's rules, Plaintiffs were free to ask for leave to amend on the statute of limitations issue because Defendants had not previously raised that argument. They did so for the very first time in their motion to dismiss the Amended Complaint. Unlike the Rule 9(b) issue, Defendants had not raised their statute of limitations argument in their pre-motion meet and confer letter that had to be submitted (under this Court's individual rules) before Plaintiffs could file their motion to dismiss or in the initial motion to dismiss the original complaint that followed the pre-motion meet and confer letter. Because Defendants failed to give Plaintiffs any notice of their statute of limitations argument

2

before Plaintiffs filed their Amended Complaint and attempted to cure any perceived deficiencies raised by Defendants, Plaintiffs believed that it would not offend the Court's individual rules, as Plaintiffs understood them, if Plaintiffs made a request for leave to address any perceived deficiencies on the statute of limitations issue, but that further amendment of the Rule 9(b) issue was barred.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2015.

_____
LOURA ALAVERDI