UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
BPP ILLINOIS, LLC; BPP IOWA, LLC;  :
BPP MICHIGAN, LLC; BPP MINNESOTA, :  Civil Case No. 1:13-CV-00638 (JMF)
LLC; BPP TEXAS, LLC; BPP WISCONSIN, :
LLC; FFC PARTNERSHIP, L.P.; and FINE :
CAPITAL ASSOCIATES, L.P., BUDGET :
PORTFOLIO PROPERTIES, LLC :
                                                               :
          Plaintiffs,                                      :  **Oral Argument Requested**
                                                               :
     -against-                                             :
                                                               :
ROYAL BANK OF SCOTLAND GROUP, :
PLC; RBS CITIZENS, N.A.; and CITIZENS :
BANK OF PENNSYLVANIA,             :
                                                               :
          Defendants.                                    :
                                                               :
------------------------------------------------------- x

# PLAINTIFFS' SUPPLEMENTAL BRIEF ON WAIVER OF PERSONAL JURISDICTION DEFENSE IN OPPOSITION TO RENEWED MOTION TO DISMISS

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200
(212) 589-4201 (fax)

Attorneys for Plaintiffs BPP Illinois, LLC.,
BPP Iowa, LLC, BPP Michigan, LLC., BPP
Minnesota, LLC, BPP Texas, LLC, BPP
Wisconsin, LLC, FFC Partnership, L.P., and
Fine Capital Associates, L.P., Budget
Portfolio Properties, LLC

# PRELIMINARY STATEMENT

Defendants waived any personal jurisdiction defense pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), by their conduct in continuing to litigate this case without raising the issue for one and one-half years after the Supreme Court decided *Daimler*. Nothing prevented Defendants from raising any personal jurisdiction defense they believe was created by the *Daimler* decision while the case was pending in the Second Circuit rather than waiting for one and one-half years after *Daimler* was decided to raise the issue for the first time in this Court. Their dilatory conduct has no justification.

The Second Circuit and courts in this District have decided several issues regarding the impact of *Daimler* on waiver of personal jurisdiction defenses. In *Gucci America, Inc. v. Li*, 768 F.3d 122 (2d Cir. 2014), defendants first raised *Daimler* on appeal in the Second Circuit. It was raised immediately after *Daimler* was decided by the Supreme Court. The Second Circuit held that no waiver occurs for failure to raise the issue *prior* to *Daimler* being issued by the Supreme Court. *Id.* at 135-36. But the issue here is Defendants' conduct *after Daimler* was decided in failing to raise the issue for 18 months. None of the defendants in any other *Daimler* waiver case conducted themselves in anywhere near the slow motion of these Defendants. Their prolonged failure to raise the issue while filing a reply brief and a letter brief on other newly-decided case law, and appearing at oral argument in the Circuit without ever mentioning a personal jurisdiction defense under *Daimler* constitutes a waiver through their dilatory conduct.

For these reasons, as detailed below, Plaintiffs respectfully request that this Court deny that portion of Defendants' dismissal motion claiming a lack of personal jurisdiction due to waiver.[1]

---

[1] Whether the defense has even now properly moved to dismiss on personal jurisdiction grounds is questionable. Their notice of motion makes no mention of a Rule 12(b)(2) grounds for dismissal.

**ARGUMENT**

I. **DEFENDANTS WERE NOT JUSTIFIED IN FAILING TO TIMELY RAISE ANY DEFENSE UNDER *DAIMLER* WHILE THIS CASE WAS ON APPEAL.**

In its September 2, 2015 Order requesting supplemental briefing on personal jurisdiction and waiver, the Court asked two questions:

(1) "whether any court has found a personal jurisdiction defense to be preserved or waived under similar circumstances." We are unaware of any authority either way on the specific issue of whether a pending appeal affects the analysis of whether a defense has been preserved or waived, which leads dispositively to the second question presented in the Court's Order.

(2) "whether any justification exists for Defendants' failure to raise the defense while the case was pending on appeal." The answer to this second question is clearly established: there was no justification for the defense's decision not to raise the issue on appeal, for it is well-settled that "[a]n appellate court reviewing the decision of a district court may affirm that decision on *any* ground which is supported by the record." *I. Meyer Pincus & Assocs. P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 761 (2d Cir. 1991) (citing *University Club v. City of New York*, 842 F.2d 37, 39 (2d Cir. 1988)) (emphasis added). Indeed, in its brief in the Second Circuit, the defense asserted numerous "additional, independent bases for affirmance" (Br. for Appellee at 34, ECF No. 55) that were not placed at issue by this Court's decision from which Defendants appealed.

Lack of personal jurisdiction is, of course, a defense that is waived if it is not timely asserted. Fed. R. Civ. P. 12(h)(1). While Defendants cannot be deemed to have waived the defense when it was not known to be available, and the Second Circuit has held that foreign corporations with branches or offices in New York could not have known of an objection to general jurisdiction until *Daimler* was decided, *Gucci*, 768 F.3d at 135-36, the defense must be asserted "as soon as [its] cognizability is made apparent." *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981). Otherwise, the newly available defense is subject to waiver "by failure to assert it seasonably . . .

[and] by submission [to the court's jurisdiction] through conduct." *Neirbo Co. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). Defendants waived the defense by failing to assert it seasonably and by their conduct in continuing to submit to jurisdiction without ever raising the issue.

Had the defense raised the personal jurisdiction issue on appeal, which it was free to do, it is equally well-settled that the Court of Appeals "must apply the law in effect at the time it renders its decision." *Hegger v. Green*, 646 F.2d 22, 26 (2d Cir. 1981). Moreover, the Rules of Appellate Procedure encourage submission of newly-decided, or newly-discovered, authority at any point during the appellate proceedings. Fed. R. App. P. 28(j) ("If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations.") Defendants made use of this procedure during the course of the appeal in this case. *See* ECF No. 100. Therefore, had the defense raised personal jurisdiction and submitted the *Daimler* decision—as it clearly could have—then the Second Circuit would have applied the law in effect at the time, including *Daimler*. There is no reason the defense had to wait for remand, and there is no justification for the failure to raise the issue timely during the appellate proceedings.

## II. THE DEFENDANTS' 18 MONTH DELAY IN RAISING THE PERSONAL JURISDICTION DEFENSE CONSTITUTES WAIVER UNDER ALL OF THE POST-*DAIMLER* WAIVER DECISIONS IN THIS COURT AND THE SECOND CIRCUIT.

The Second Circuit and courts in this District have issued several decisions since *Daimler* on whether personal jurisdiction defenses were waived when they were not asserted in earlier motions to dismiss or when they were raised for the first time after the Supreme Court decided *Daimler*. None of the defendants in those cases delayed in raising the issue for anything approaching these Defendants' 18 months of silence on the *Daimler* issue while litigating other issues in the case. Indeed, in *Gucci*, the case in which the Second Circuit held that foreign banks did not waive defenses based on a purported absence of general personal jurisdiction by

not raising the issue until *Daimler* was decided, the defendant banks promptly raised the *Daimler* issue in the Second Circuit even before the then-pending appeal in the case was decided:

> The Supreme Court's decision in *Daimler* was issued a month after the Second Circuit heard oral argument in *Gucci*. Within two weeks of the *Daimler* decision, the Appellant-Banks filed a Federal Rule of Appellate Procedure 28(j) letter citing *Daimler* and arguing that it provides additional grounds for reversal. On March 21, 2014, the Appellant-Banks moved the Second Circuit to grant them leave to file a supplemental brief addressing *Daimler*, which the court granted. Thus . . . the banks in *Gucci* promptly cited to the decision in *Daimler* to argue that it should have a bearing on their appeal.

*Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD), 2015 WL 1499185, at *4 n. 10 (S.D.N.Y. Mar. 31, 2015). That is what Defendants should have done here.[2] Accordingly, while *Gucci* immunizes defendants from waiver claims up to the time *Daimler* was decided, *see also 7 West 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981 (PGG), 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015), it provides no protection for defendants who fail to timely raise a personal jurisdiction defense following *Daimler.*

In *Laydon,* Judge Daniels found that certain defendants "waived any personal jurisdiction defense . . . through their conduct after *Daimler* was issued." 2015 WL 1499185, at *6. The defendants waived their jurisdiction defense in *Laydon* by continuing to litigate a Rule 12(b)(6) motion for "almost two months after the Supreme Court decided *Daimler*" in January 2014, *id.*, then moving for reconsideration, and failing to inform the Court at an April 2014 conference that they too would be making Rule 12(b)(2) motions along with other defendants. The total delay in raising the *Daimler* issue that the *Laydon* court found to be a waiver was no more than seven

---

[2] As a party in *Laydon*, RBS was well-aware of the timely manner in which the bank defendants in *Gucci* raised their *Daimler* defense promptly in the Second Circuit. It was also aware of Judge Daniels's statement quoted above approving of the procedure followed in *Gucci*. That RBS nevertheless failed to raise the issue in this case for 18 months goes to the knowing nature of the waiver that occurred here.

4

months (from the January 2014 issuance of *Daimler* to the September 2014 oral argument on the jurisdictional motions). The Defendants' delay here was nearly three times longer. Compared to the Defendants here, the *Laydon* defendants raised their *Daimler* defense with great dispatch, nevertheless they were found to have waived it due to their delay.

"When a defendant participates in the litigation, delays in making an objection to personal jurisdiction, and then makes an objection that could have been easily [addressed] . . . the defendant has waived the personal jurisdiction objection." *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp.3d 9, 16 (D.D.C. 2014) (quoting *United States v. Brow*, No. 01-CV-4707, 2011 WL 7562706, at *5 (E.D.N.Y. Dec. 28, 2011) (citing *Datskow v. Teledyne, Inc., Continental Prods. Div.*, 899 F.2d 1298, 1302-03 (2d Cir. 1990)); *see also Democratic Republic of Congo v. FG Hemisphere Assoc., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (finding waiver where a defendant "engaged in extensive post-default litigation" and failed to seek dismissal "before the court's and parties' time [was] consumed in a struggle over the substance of the suit.").[3]

The Defendants here delayed in raising any personal jurisdiction issue for 18 months after *Daimler*. During that time, defendants filed an appellate brief in the Circuit (ECF No. 55), a Rule 28(j) letter in the Circuit (ECF No. 100), and participated in oral argument in the Circuit—all asking for a Rule 12(b)(6) dismissal—without ever raising any issue of personal

---

[3] In *Gilmore*, the court held that the defendant waived the personal jurisdiction defense that it was not "at home" in the jurisdiction because it failed to raise the defense in a timely manner following the Supreme Court's decision in *Goodyear Dunlop Tires Operations., S.A. v. Brown,* 131 S. Ct. 2846 (2011). The court found that the "at home" defense was available and well-known in the courts long-before *Daimler*. *See also American Fidelity Assurance Co. v. Bank of New York Mellon*, No. 11-CIV-1284, 2014 WL 4471606, at *3 (W.D.Okla. Sept. 10, 2014) ("the standard Defendant relies upon was not pronounced by the Supreme Court in *Daimler*, but was pronounced more than two years earlier in *Goodyear. . . Daimler* did not announce a new constitutional rule or overrule prior precedent."). While there is considerable merit to these decisions—and to the notion that Defendants here could and should have raised their jurisdictional defense from the outset of this case, which they removed to this Court two years a*fter* the decision in *Goodyear*—the Second Circuit's decision in *Gucci* precludes the point in this Circuit.

jurisdiction. They did so knowing that the bank defendants in *Gucci* had raised their *Daimler* defense *in the Second Circuit* by Rule 28(j) letter within two weeks of *Daimler*. And they decided not to follow that precedent even though they knew from Judge Daniels's decision in *Laydon*, in which the Defendants here were parties, that in continuing to litigate other issues post-*Daimler* without raising the issue would constitute a waiver of their personal jurisdiction defense.

Defendants' dilatory conduct has burdened the Second Circuit and now this Court with substantial merits litigation that, if they were right about the jurisdictional issue, might have been unnecessary. No doubt they hoped for an affirmance, without the Second Circuit ever considering jurisdiction. And, no doubt, they hoped that this Court's dismissal would stand even though the defense now contends it was issued by a court that lacks jurisdiction. The gamesmanship is now apparent as, 18 months later, Defendants seek a second chance at a dismissal, which is exactly what the law permitting waiver of personal jurisdiction defenses is designed to prevent.

There was no justification for the Defendants' conduct. It was a waiver, and should be deemed to be such now by this Court's denial of their motion to dismiss on personal jurisdiction grounds.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny that portion of Defendants' motion to dismiss for lack of personal jurisdiction because Defendants have waived their personal jurisdiction defense.

| | |
|---|---|
| Dated: September 14, 2015 | **BAKER & HOSTETLER LLP**<br><br>By: <u>    /s Jonathan New    </u><br>Jonathan New<br>jnew@bakerlaw.com<br><br>45 Rockefeller Plaza<br>New York, New York  10111<br>(212) 589-4200<br>(212) 589-4201 (fax) |
| Of Counsel:<br><br>John Siegal<br>jsiegal@bakerlaw.com<br><br>Loura Alaverdi<br>lalaverdi@bakerlaw.com<br><br>Dominic Gentile<br>dgentile@bakerlaw.com | Attorneys for Plaintiffs BPP Illinois, LLC., BPP Iowa, LLC, BPP Michigan, LLC., BPP Minnesota, LLC, BPP Texas, LLC, BPP Wisconsin, LLC, FFC Partnership, L.P., and Fine Capital Associates, L.P., Budget Portfolio Properties, LLC |