UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BPP ILLINOIS, LLC; BPP IOWA, LLC; BPP MICHIGAN, LLC; BPP MINNESOTA, LLC; BPP TEXAS, LLC; BPP WISCONSIN, LLC; FFC PARTNERSHIP, L.P.; FINE CAPITAL ASSOCIATES, L.P.; and BUDGET PORTFOLIO PROPERTIES, LLC,<br><br>                 Plaintiffs,<br><br>   -against-<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS CITIZENS, N.A.; and CITIZENS BANK OF PENNSYLVANIA,<br><br>                 Defendants. | Civil Action No. 1:13-cv-638-JMF |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
RENEWED MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant The Royal Bank of Scotland Group plc ("RBS Group") respectfully submits this memorandum of law pursuant to the Court's September 2, 2015 Order (ECF No. 81) directing the parties to brief whether RBS Group waived any personal jurisdiction defense under *Daimler v. Bauman*, 134 S. Ct. 746 (2014), by not raising the issue while the case was pending in the Court of Appeals, in particular whether other courts have found the issue of personal jurisdiction to be preserved or waived under similar circumstances, and whether any justification exists for not raising the issue on appeal.

As the Court is aware, RBS Group originally moved to dismiss the complaint on April 16, 2013 (ECF No. 21) and again (moving against the Amended Complaint) on May 28, 2013 (ECF No. 28), but did not assert a personal jurisdiction defense on either occasion because under then-existing law no such defense was available. *See Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014). On November 13, 2013, the Court dismissed the Amended Complaint in its entirety, *see* ECF No. 44, and two days later Plaintiffs noticed their appeal, *see* ECF No. 46. In January 2014, while the appeal was pending, the Supreme Court decided *Daimler*, making a personal jurisdiction defense available to RBS Group as an additional alternative ground for affirmance of the Court's dismissal. RBS Group did not press the new argument in the Court of Appeals, but following partial reversal and remand raised it in this Court at the earliest opportunity.

Plaintiffs have not argued that any personal jurisdiction defense was available to RBS Group prior to the Supreme Court's decision in *Daimler*. Plaintiffs also have not argued that, after *Daimler*, there is any basis for this Court to exercise general or specific personal jurisdiction over RBS Group. Instead, Plaintiffs suggest that RBS Group waived any personal jurisdiction defense by not asserting such a defense as an alternative ground for the Second

Circuit to affirm this Court's judgment dismissing the case on the merits. As set forth below, although RBS Group has not identified a case holding that a newly available personal jurisdiction defense was either preserved or waived under the circumstances here (*i.e.*, where not raised on appeal as an alternate ground for affirmance), RBS Group respectfully submits that it has not waived its personal jurisdiction defense for two reasons.

*First*, appellate procedure provides no basis on which to find waiver and instead supports finding the argument preserved. The procedural posture in which the defense became available, only after RBS Group had already been dismissed from the case entirely and the appeal was pending, sets this case apart from others where defendants waived arguments based on pretrial activity in the district court. A defendant in a district court seeks relief and generally must assert defenses on pain of waiver. Similarly, an appellant challenging a trial court's decision seeks relief and must raise any ground for reversal it wishes to preserve. But an already dismissed defendant-appellee like RBS Group, for which the status quo is that no claim is pending, is not required to raise every possible alternative ground for affirmance, much less a newly available defense that has not been presented to the district court.

*Second*, there is no basis to find waiver under precedent examining whether "considerable" pretrial litigation activity has occurred over an extended period resulting in prejudice to the plaintiff and thus effecting a waiver. *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). The rationale for this doctrine does not sensibly apply to an appellee for whom the status quo is already the dismissal of all claims, and in any event merely arguing for affirmance of a prior dismissal does not come close to the type of "considerable" activity that courts have previously deemed to constitute waiver; nor can Plaintiffs credibly claim any prejudice.

# ARGUMENT

## I. THERE IS NO BASIS TO FIND WAIVER UNDER APPELLATE PROCEDURE

In the district court, a defendant may waive an available personal jurisdiction defense by failing to include it in a responsive pleading or a Rule 12 motion affirmatively seeking dismissal. *See* Fed. R. Civ. P. 12(g), (h); *see also* 5 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1391 (3d ed. 2010) (a personal jurisdiction defense can be waived under Fed. R. Civ. P. 12(h) if not asserted "at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading"). By contrast, as a matter of appellate procedure, while an *appellant* must assert all grounds in affirmatively seeking reversal of a judgment below, for a defendant-appellee merely seeking affirmance, "[t]he urging of alternative grounds for affirmance is a privilege rather than a duty." *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996) (Posner, J.).

Accordingly, numerous courts of appeals have held that an appellee's decision not to urge affirmance on alternative grounds does not effect a waiver of those grounds. *See, e.g.*, *Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) ("'[T]he failure of an *appellee* to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, *should not operate as a waiver*.'") (quoting *Schering Corp.*, 89 F.3d at 358); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 657-58 (3d Cir. 2007) ("[T]he defendants were the *appellees* in the previous appeal. As such, they were not required to raise all possible alternative grounds for affirmance to avoid waiving those grounds."); *Independence Park Apartments v. United States*, 449 F.3d 1235, 1240 (Fed. Cir. 2006) ("As appellee, the government was not required to raise all possible alternative grounds for affirmance in order to avoid waiving any of those grounds."). Although the Second Circuit

does not appear to have addressed this issue directly, RBS Group has not identified any case in which the Second Circuit (or any district court of this Circuit) has held that an appellee waived an alternative ground for affirmance by not raising it on appeal.[1]

This doctrine is grounded in sensible considerations of efficiency. As the D.C. Circuit has explained, "[w]hile there are clear adjudicative efficiencies created by requiring appellants to bring all of their objections to a judgment in a single appeal rather than seriatim … forcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740 (D.C. Cir. 1995); *see also Kessler v. National Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000) (waiver should not be enforced "punitively against appellees, because that would motivate appellees to raise every possible alternative ground … thereby needlessly increasing the scope and complexity of initial appeals").

The same considerations counsel strongly against any suggestion that RBS Group should now be deemed to have had an obligation, on pain of waiver, to assert in the Second Circuit a newly available personal jurisdiction defense that was never presented previously to this Court and that on appeal merely provided an additional alterative ground for affirmance of this Court's decision dismissing the case on the merits as to one of several appellees. As an appellee, having already been dismissed from the case, RBS Group sought no affirmative relief, but merely asked that the status quo be preserved. Nor did RBS Group seek to challenge or expand the judgment in any respect.[2] RBS Group has found no case in which the Second Circuit or any other court

---

[1] RBS Group has identified cases in the Eleventh Circuit finding a waiver in these circumstances, *see Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012), but the Eleventh Circuit appears to be an outlier in this regard.

[2] Specifically, there were no grounds to argue, based on a lack of personal jurisdiction over one Defendant, that the district court should not have rendered a judgment on the merits. *See, e.g.*, *Philbrook v. Glodgett*, 421 U.S. 707, 721-22 (1975); *Stockbridge-Munsee Community v. New York*, 756 F.3d 163, 166 (2d Cir. 2014).

has imposed a duty to raise a personal jurisdiction defense in these circumstances, and RBS Group should not be deemed to have waived by not doing so here.[3]

## II. THERE IS NO BASIS TO FIND WAIVER UNDER PRECEDENTS EXAMINING LITIGATION ACTIVITY IN THE DISTRICT COURT

In addition to applying the procedural requirements of Rule 12, courts have also found that waiver (or "forfeiture") may occur where "considerable" pretrial litigation activity in a district court has occurred over an extended period resulting in prejudice to the plaintiff. *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999); *see also, e.g.*, *Weisblum v. Prophase Labs, Inc.*, No. 14-cv-3587, 2015 WL 738112, at *3 (S.D.N.Y. Feb. 20, 2015) (Furman, J.); *Hack v. Stang*, No. 13-cv-5713, 2014 WL 4652596, at *2 (S.D.N.Y. Sept. 18, 2014).

RBS Group is aware of no case extending such considerations to activity by an appellee that has already been dismissed entirely from the case; nor is it sensible to do so for the reasons discussed above. But even if this Court were to examine RBS Group's appellate argument for affirmance of the Court's decision as merely another form of pretrial litigation conduct, there would still be no basis for a finding of waiver. Measured against the cases in which courts of this Circuit have found waiver based on "considerable" pretrial activity, RBS Group plainly did not engage in such activity in the interval between the Supreme Court's decision in *Daimler* and RBS Group's assertion of the defense. Nor are Plaintiffs in any way prejudiced by RBS Group's initial assertion of the defense in this Court on remand, rather than in the Court of Appeals.

---

[3] Plaintiffs may argue that RBS Group was obliged to assert its personal jurisdiction defense on appeal because the issue was raised on appeal in *Gucci*, 768 F.3d at 134-35. But in *Gucci*, it was the *appellant* that raised the newly available jurisdictional defense as a ground for reversal, as it was obligated to do. And although an appellee raised a newly available personal jurisdiction defense in *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87 (2d Cir. 2009), nothing in that decision suggests (much less holds) that the appellee was *required* to do so in order to avoid waiver. *See id.* at 92-93.

The Second Circuit has cautioned that where a "defendant wish[es] to contest whether it was obliged to defend in a distant court," courts should be "slower to find waiver." *Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990).[4] Consistent with this principle, courts of this Circuit have stated that "the passage of time alone is generally not sufficient" to effect waiver of a personal jurisdiction defense and instead have found waiver only where "considerable" litigation activity has occurred. *Hamilton*, 197 F.3d at 61; *see In re Helicopter Crash Near Wendle Creek*, 485 F. Supp. 2d 47, 52 (D. Conn. 2007) (noting that in "most cases in which courts have made a finding of waiver, the defendant has engaged in substantial pretrial activity or has attempted to deceive the opposing party"). In *Hamilton*, for example, waiver occurred where defendant participated in discovery and had "four distinct opportunities to move to dismiss" over a "four-year interval." 197 F.3d at 61. In the absence of such "considerable" conduct, courts have consistently declined to find waiver, even where there has been some litigation activity. *See, e.g.*, *7 W. 57th St. Realty Co. LLC v. Citigroup, Inc.*, No. 13-cv-981, 2015 WL 1514539, at *5-7 (S.D.N.Y. Mar. 31, 2015) (no waiver where defendants waited nine months after *Daimler* to assert personal jurisdiction defense).[5]

There is similarly no basis for a finding of waiver here, where, far from engaging in "considerable" litigation activity, RBS Group filed a single brief, responded to Plaintiffs' letter pursuant to Fed. R. App. P. 28(j), and participated in oral argument urging affirmance of this

---

[4] *Accord Hamilton*, 197 F.3d at 60 (waiver of personal jurisdiction is treated with "enhanced caution"); *Hack*, 2014 WL 4652596 at *3 (declining to find waiver); *Nedgam Prods., LLC v. Bizparentz Found.*, No. 3:09-cv-500, 2010 WL 3257909, at *2 (D. Conn. Apr. 29, 2010) (Droney, J.) (same and noting "policy against lightly finding waiver" of personal jurisdiction); *see also Aetna Ins. Co.* v. *Kennedy*, 301 U.S. 389, 393 (1937) (when constitutional rights are at issue, courts "indulge every reasonable presumption against a waiver").

[5] *See also, e.g.*, *Infinity Consulting Group, LLC v. American Cybersystems, Inc.*, No. 09-cv-1744, 2010 WL 2267470, at *2 (E.D.N.Y. May 30, 2010) (no waiver where defendant waited eight months after filing answer); *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, No. 00-cv-201, 2001 WL 1041990, *3-4 (S.D.N.Y. 2001) (no waiver where defendant waited until after close of discovery because defendant's conduct did "not rise to the level of egregiousness that other courts have found sufficient to constitute a forfeiture").

Court's judgment. Nor is any aspect of RBS Group's conduct subsequent to *Daimler* reasonably construed as signaling an intention to waive a newly available personal jurisdiction defense. This case is not like *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419, 2015 WL 1499185 (S.D.N.Y. Mar. 31, 2015), in which Judge Daniels found a newly available personal jurisdiction defense waived where, before raising the issue, defendants participated in oral argument before the district court on a motion to dismiss, sought affirmative relief in the form of reconsideration of the court's order denying the motion, and attended a discovery conference at which they signaled that they would *not* assert any defense based on personal jurisdiction. There, Judge Daniels found that the defendants had given the district court "only one impression": that they were abandoning the defense. *Id.* at *6-7. Here, in contrast, having already been dismissed from the case before *Daimler* was decided, RBS Group merely opposed *Plaintiffs'* efforts to obtain affirmative relief in the form of a reversal of this Court's judgment. In doing so, RBS Group properly relied upon grounds considered by this Court, applicable to all Defendants, and susceptible to decision by the Court of Appeals independent of any jurisdictional issue applicable to RBS Group alone. *Cf. Stockbridge-Munsee Community v. New York*, 756 F.3d 163, 166 (2d Cir. 2014) (declining to address jurisdictional issue affecting fewer than all defendants and affirming on generally applicable merits ground). When the Court of Appeals instead reversed and remanded, RBS Group asserted its new defense of personal jurisdiction at the first opportunity to do so in this Court.

Nor, finally, has there been the slightest prejudice to Plaintiffs, on whom the timing of RBS Group's assertion of its personal jurisdiction defense has imposed no burden at all. Indeed, Plaintiffs surely would have objected if RBS Group had urged affirmance of this Court's judgment of dismissal, in an opposition brief on appeal, on a new ground not presented to or

considered by this Court, permitting them only such opportunity for rebuttal as their reply brief in the Second Circuit might afford. And had RBS Group asserted the defense, every indication is that the Court of Appeals would have declined to decide the issue, instead remanding for this Court to consider it with other alternative grounds for dismissal—and placing the parties in exactly the position they are in now. *See BPP Ill., LLC v. Royal Bank of Scotland Grp. plc*, 603 F. App'x 57, 59 (2d Cir. 2015) (declining to reach affirmative grounds for affirmance); *see also, e.g.*, *Gucci*, 768 F.3d at 138 (remanding for district court to consider specific personal jurisdiction in first instance). All the more so here, because RBS Group's new alternative jurisdictional ground for affirmance would have required consideration of evidence never presented to this Court (such as an affidavit filed by RBS Group). The jurisdictional argument was also inapplicable to the other appellees, such that a remand was unavoidable unless the Court of Appeals addressed other alternative grounds (which it declined to do).

In any event, RBS Group having instead asserted its defense in this Court, the outcome is the same. Plainly, Plaintiffs are not burdened by having to brief the issue to this Court rather than to the Court of Appeals. Where there is no prejudice, there is no basis for a finding of waiver. *See Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967) (no waiver where plaintiff "was not prejudiced by the time at which [defendant] raised its argument, for it cannot be asserted that an earlier interposition would have resulted in any different proceedings below"); *Hack*, 2014 WL 4652596 at *3 (no waiver of personal jurisdiction defense where plaintiff had not "pointed to any prejudice").

## CONCLUSION

For the reasons set forth herein, there is no basis to conclude that RBS Group has waived its personal jurisdiction defense.

| | | |
|---|---|---|
| Dated: | New York, New York<br>September 14, 2015 | /s/ David Sapir Lesser<br>David Sapir Lesser<br>Fraser Hunter<br>Jamie Dycus<br>Colin Reardon<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800 (phone)<br>(212) 230-8888 (fax)<br>david.lesser@wilmerhale.com<br>fraser.hunter@wilmerhale.com<br>jamie.dycus@wilmerhale.com<br>colin.reardon@wilmerhale.com<br><br>*Counsel for The Royal Bank of Scotland group plc; RBS Citizens, N.A.; and Citizens Bank of Pennsylvania* |